STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
sgibson@righthaven.com
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
ccoons@righthaven.com
JOSEPH C. CHU, ESQ.
Nevada Bar No. 11082
jchu@righthaven.com
Righthaven LLC
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
(702) 527-5900
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company,<br><br>Plaintiff,<br><br>v.<br><br>ANDRE MCCOLLOUGH, an individual;<br><br>Defendant. | Case No.: 2:10-cv-0799<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Righthaven LLC ("Righthaven") complains as follows against Andre McCollough ("Mr. McCollough") on information and belief:

### NATURE OF ACTION

1. This is an action for copyright infringement pursuant to 17 U.S.C. §501.

### PARTIES

2. Righthaven is, and has been at all times relevant to this lawsuit, a Nevada limited-liability company with its principal place of business in Nevada.

1

3. Righthaven is, and has been at all times relevant to this lawsuit, in good standing with the Nevada Secretary of State.

4. Mr. McCollough is, and has been at all times relevant to this lawsuit, a resident of Nevada.

5. Mr. McCollough is, and has been at all times relevant to this lawsuit, identified by the current registrar, GoDaddy.com, Inc. ("GoDaddy"), as the registrant of the Internet domain found at <vegasbubble.com> (the "Domain").

6. Mr. McCollough is, and has been at all times relevant to this lawsuit, identified by GoDaddy, as the administrative and technical contact for the Domain.

## JURISDICTION

7. This Court has original subject matter jurisdiction over this copyright infringement action pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

8. Mr. McCollough purposefully directs activities at Nevada residents, which activities have resulted in the copyright infringement alleged herein.

9. Righthaven is the owner of the copyright in the literary work entitled "Las Vegas home sales exceed foreclosures" (the "Work"), attached hereto as Exhibit 1.

10. Mr. McCollough copied, on an unauthorized basis, the Work from a source emanating from Nevada.

11. On or about February 24, 2010, Mr. McCollough displayed, and continues to display, an unauthorized reproduction of the Work (the "Infringement"), attached hereto as Exhibit 2, as part of the content accessible through the Domain (the content accessible through the Domain and the Domain itself, collectively known herein as the "Website").

12. Mr. McCollough's display of the Infringement was and is purposefully directed at Nevada residents.

13. Mr. McCollough copied, on an unauthorized basis, the literary work entitled "Las Vegas home sales climb" (the "Sales Climb Article") from a source emanating from Nevada.

14. On or about April 7, 2010, Mr. McCollough displayed, and continues to display, the Sales Climb Article, attached hereto as Exhibit 3, on the Website.

15. Mr. McCollough's display of the Sales Climb Article was and is purposefully directed at Nevada residents.

16. Mr. McCollough copied, on an unauthorized basis, the literary work entitled "Unfazed by numbers, analyst forecasts fewer foreclosures" (the "Unfazed Article") from a source emanating from Nevada.

17. On or about April 22, 2010, Mr. McCollough displayed, and continues to display, the Unfazed Article, attached hereto as Exhibit 4, on the Website.

18. Mr. McCollough's display of the Unfazed Article was and is purposefully directed at Nevada residents.

19. Mr. McCollough copied, on an unauthorized basis, the literary work entitled "Hope on the water" (the "Hope Article") from a source emanating from Nevada.

20. On or about February 28, 2010, Mr. McCollough displayed, and continues to display, the Hope Article, attached hereto as Exhibit 5, on the Website.

21. On or about February 28, 2010, Mr. McCollough replaced the Hope Article's original title, "Hope on the water," with a new title, "If you listen closely you can hear taps playing in the background…"

22. Mr. McCollough's display of the Hope Article was and is purposefully directed at Nevada residents.

23. Mr. McCollough purposefully directs and effectuates unauthorized reproductions of Righthaven-owned copyrighted works on the Website.

**VENUE**

24. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(2), because a substantial part of the events giving rise to the claim for relief are situated in Nevada.

25. The United States District Court for the District of Nevada is an appropriate venue, pursuant to 28 U.S.C. §1391(b)(3) and §1400(a), because Mr. McCollough may be found in Nevada.

## FACTS

26. The Work constitutes copyrightable subject matter, pursuant to 17 U.S.C. §102(a)(1).

27. Righthaven is the owner of the copyright in the Work.

28. The Work was originally published on February 24, 2010.

29. On May 13, 2010, the United States Copyright Office (the "USCO") granted Righthaven the registration to the Work, copyright registration number TX0007139264 (the "Registration") and attached hereto as Exhibit 6 is evidence of the Registration in the form of a printout of the official USCO database record depicting the occurrence of the Registration.

30. No later than February 24, 2010, Mr. McCollough displayed the Infringement on the Website.

31. Mr. McCollough did not seek permission, in any manner, to reproduce, display, or otherwise exploit the Work.

32. Mr. McCollough was not granted permission, in any manner, to reproduce, display, or otherwise exploit the Work.

## CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT

33. Righthaven repeats and realleges the allegations set forth in Paragraphs 1 through 32 above.

34. Righthaven holds the exclusive right to reproduce the Work, pursuant to 17 U.S.C. §106(1).

35. Righthaven holds the exclusive right to prepare derivative works based upon the Work, pursuant to 17 U.S.C. §106(2).

36. Righthaven holds the exclusive right to distribute copies of the Work, pursuant to 17 U.S.C. §106(3).

37. Righthaven holds the exclusive right to publicly display the Work, pursuant to 17 U.S.C. §106(5).

38. Mr. McCollough reproduced the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(1).

39. Mr. McCollough created an unauthorized derivative of the Work in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(2).

40. Mr. McCollough distributed, and continues to distribute, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(3).

41. Mr. McCollough publicly displayed, and continues to display, an unauthorized reproduction of the Work on the Website, in derogation of Righthaven's exclusive rights under 17 U.S.C. §106(5).

42. Mr. McCollough has willfully engaged in the copyright infringement of the Work.

43. Mr. McCollough's acts as alleged herein, and the ongoing direct results of those acts, have caused and will continue to cause irreparable harm to Righthaven in an amount Righthaven cannot ascertain, leaving Righthaven with no adequate remedy at law.

44. Unless Mr. McCollough is preliminarily and permanently enjoined from further infringement of the Work, Righthaven will be irreparably harmed, and Righthaven is thus entitled to preliminary and permanent injunctive relief against further infringement by Mr. McCollough of the Work, pursuant to 17 U.S.C. §502.

## **PRAYER FOR RELIEF**

Righthaven requests that this Court grant Righthaven's claim for relief herein as follows:

1. Preliminarily and permanently enjoin and restrain Mr. McCollough, and Mr. McCollough's agents, servants, employees, attorneys, parents, subsidiaries, related companies, partners, and all persons acting for, by, with, through, or under Mr. McCollough, from directly or

indirectly infringing the Work by reproducing the Work, preparing derivative works based on the Work, distributing the Work to the public, and/or displaying the Work, or ordering, directing, participating in, or assisting in any such activity;

    2.    Direct Mr. McCollough to preserve, retain, and deliver to Righthaven in hard copies or electronic copies:

        a.    All evidence and documentation relating in any way to Mr. McCollough's use of the Work, in any form, including, without limitation, all such evidence and documentation relating to the Website;

        b.    All evidence and documentation relating to the names and addresses (whether electronic mail addresses or otherwise) of any person with whom Mr. McCollough has communicated regarding Mr. McCollough's use of the Work; and

        c.    All financial evidence and documentation relating to Mr. McCollough's use of the Work;

    3.    Direct GoDaddy and any successor domain name registrar for the Domain to lock the Domain and transfer control of the Domain to Righthaven;

    4.    Award Righthaven statutory damages for the willful infringement of the Work, pursuant to 17 U.S.C. §504(c);

    5.    Award Righthaven costs, disbursements, and attorneys' fees incurred by Righthaven in bringing this action, pursuant to 17 U.S.C. §505;

    6.    Award Righthaven pre- and post-judgment interest in accordance with applicable law; and

    7.    Grant Righthaven such other relief as this Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Righthaven requests a trial by jury pursuant to Fed.R.Civ.P. 38.

Dated this twenty-seventh day of May, 2010.

RIGHTHAVEN LLC

By: /s/ J. Charles Coons
STEVEN A. GIBSON, ESQ.
Nevada Bar No. 6656
J. CHARLES COONS, ESQ.
Nevada Bar No. 10553
9960 West Cheyenne Avenue, Suite 210
Las Vegas, Nevada 89129-7701
Attorneys for Plaintiff